BROWN, C.J.
This appeal arises from litigation concerning the dissolution of the Schauf Family LLC. Cross motions for summary judgment were filed. Defendants, three of the four owners, have appealed from a judgment in favor of plaintiff, Paul Schauf, a member and owner, rescinding the transfer of assets of the limited liability company and declaring null and void defendants' vote to dissolve the LLC, their appointment of a liquidator, and the transfer of the company. For the reasons set forth below, we reverse the summary judgment ruling and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On January 24, 2001, the Schauf Family LLC was formed by Angela M. Schauf as a family business for herself and her four children, with her having ownership of 50% of the LLC and her four children each having an equally divided interest (12.5%) in the remainder of the LLC, subject to a usufruct in favor of herself. The four children were Peter T. Schauf, Paul M. Schauf, Mary Angela Schauf, and Kathryn L. Schauf. The five Schaufs executed an Operating Agreement ("OA") and all were members of the LLC. The only asset of the LLC is a tract of farm land presently being leased. Thereafter, the mother, Angela M. Schauf, died. Her 50% interest was divided equally among the four remaining members, resulting in each member owning a 25% interest in the LLC.
Thereafter, two more members, Peter T. Schauf and Kathryn L. Schauf, died, leaving their interests to their respective spouses, Jo Ann Parker Schauf and Michael Shannon. Thus, at this time, there remained two original members in the LLC, plaintiff, Paul Schauf, and his sister, Mary Angela Schauf.
*175 Tensions developed between the parties. The three defendants, Jo Ann Parker Schauf, Michael Shannon, and Mary Angela Schauf, wanted to dissolve the LLC. They wanted to sell the LLC's asset and divide the proceeds equally among the four ownership interests, so they could be "out of the LLC." Plaintiff, Paul Schauf, twice refused to buy out defendants' interests.[1] Dissolution voting ballots were mailed to all owners of the LLC. Votes were collected 15 days later. Except for plaintiff, all voted to dissolve the LLC and appoint Jo Ann Parker Schauf, as liquidator. On June 8, 2016, after the vote for dissolution and appointment of Jo Ann as liquidator, defendants again offered plaintiff the opportunity to buy out the other members of the LLC, giving him until June 22, 2016, to respond. After that date passed with no response from plaintiff, defendants gave him notice that they were moving forward with the dissolution.
On July 5, 2016, plaintiff, Paul Schauf, filed the instant lawsuit asking the trial court to declare null and void the appointment of a liquidator and defendants' vote to dissolve the LLC. According to plaintiff, the LLC must exist for 25 years before it can be dissolved under Article 4 of the Articles of Organization ("AO"), and two defendants, Jo Ann Parker Schauf and Michael Shannon, are not members but assignees of the LLC. Defendants answered the suit and filed a reconventional demand, claiming that their majority ownership rights in the LLC gave them voting power as indicated in Paragraph 6 of the OA, which was executed by plaintiff together with the deceased members at the time the LLC was formed, back on January 24, 2001. Defendants requested that the trial court recognize the validity of their majority vote to dissolve and wind up the entity. They also requested that they be allowed to grant authority to Jo Ann Parker Schauf, one of the defendants, to sell the assets of the LLC and distribute the proceeds to its owners.
After the lawsuit and the reconventional demand were filed, the other original member, Mary Angela Schauf, died and defendants filed a motion for substitution of party, Jo Ann Parker Schauf, who was executrix of Mary Angela's estate. This motion also requested a preliminary injunction, and later a permanent injunction, prohibiting plaintiff, Paul Schauf, from taking further action.
On September 1, 2016, a stipulated judgment was executed, wherein all parties agreed that no party involved in the current litigation or the LLC would take any action to change the status, interest, OA, or AO of the LLC, nor would they attempt to sell, convey, or encumber the property owned by the LLC in any way until there was a final resolution of this matter.
The parties filed motions for summary judgment, agreeing that there is no dispute as to the material facts surrounding their rights. A hearing was held, with a stipulation that there was no factual dispute. The trial court granted plaintiff's motion for summary judgment, declaring null and void defendants' vote to liquidate, the appointment of a liquidator, and any transfer of assets of the LLC, and ordering the rescission of any such transfer. The trial court denied defendants' motion for summary judgment, declaring that they have no authority to dissolve and liquidate assets of the LLC and assessing all costs to defendants under the default *176 rule of Louisiana LLC law. Defendants filed the instant appeal.
DISCUSSION
Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. This procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the motion, memorandum, and supporting documents show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Elliott v. Continental Casualty Co. , 06-1505 (La. 02/22/07), 949 So.2d 1247 ; Longleaf Investments, L.L.C. v. Cypress Black Bayou Recreation and Water Conservation District , 49,508 (La. App. 2 Cir. 02/26/15), 162 So.3d 479, writ denied , 15-0619 (La. 05/22/15), 171 So.3d 251.
On appeal, defendants contend in their first assignment of error that the clear, explicit, and intentional language in Paragraph 6 of the OA grants individuals with an "ownership interest" in the LLC the right to vote on specific matters listed in Paragraph 6 of the OA, including, but not limited to the right to vote to dissolve and wind up the LLC. However, Paragraph 6 of the OA, states: "A vote of a majority of ownership interests shall be required for approval of the following matters:
a. Election of a manager or managers;
b. Dissolution and winding up of the company;
c. Merger or consolidation of the company; and
d. Amendment to the Articles of Organization or this Operating Agreement." (Emphasis added).
This Court finds that the language in the various, relevant provisions of the Operating Agreement and the Articles of Incorporation are clear and unambiguous, and must be interpreted as written. As such, we note that Paragraph 6 of the Operating Agreement clearly dictates that defendants, with ownership interests in the LLC as a result of being heirs and legal representative of the deceased members, only have the rights to vote to approve the vote of the members concerning the four delineated matters mentioned in that paragraph, one of which is dissolution.
Under the Louisiana LLC Law, the death of a member causes the decedent's membership interest in the LLC to cease, and the decedent member's executor, administrator, or other legal representative is treated as an assignee of the decedent's interest in the LLC.
Specifically, La. R.S. 12:1333(A) provides:
Except as otherwise provided in the articles of organization or a written operating agreement, if a member who is an individual dies or a court of competent jurisdiction adjudges him to be incompetent to manage his person or his property, the member's membership ceases and the member's executor, administrator, guardian, conservator, or other legal representative shall be treated as an assignee of such member's interest in the limited liability company.
Except as otherwise provided in an LLC's articles of organization or a written operating agreement, an assignee of a member's interest shall not become a member or participate in the management *177 of the LLC unless the other members unanimously consent in writing. La. R.S. 12:1332(A)(1). Thus, an LLC's articles of organization or a written operating agreement could, but have not in this case, provide that a person who inherits a decedent member's interest in the LLC would become a member of the LLC or would have certain rights that are provided only to members. Louisiana LLC Law also provides that an assignee is entitled to receive distributions to which the assignor was entitled, to the extent assigned. La. R.S. 12:1330(A).
The rule treating a decedent member's legal representative as an assignee of the decedent's interest may be problematic. As an assignee of the decedent member's interest, the decedent's legal representative is entitled only to receive distributions from the LLC as authorized by the LLC's operating agreement or by the members, to share in the LLC's profits and losses, and to receive allocations of the LLC's items of income, gain, loss, deduction, and credit. A decedent member's legal representative may not become a member of the LLC or exercise any of the rights or powers of a member unless the LLC's articles of organization or a written operating agreement provides otherwise or the legal representative is admitted as a member of the LLC. Thus, the legal representative of a decedent member may not participate in the management of the LLC, vote on the LLC's affairs, or inspect the LLC's records unless the LLC's articles of organization or an operating agreement specifically accords such management rights to the decedent's legal representative or the legal representative is admitted as a member of the LLC. Without the right to vote or inspect records, a decedent member's legal representative will have little ability to protect the interests of the decedent's estate or heirs with respect to the decedent's interest in the LLC. See Susan Kalinka, Jeffrey W. Koonce, and Philip T. Hackney, Limited Liability Companies and Partnerships: A Guide To Business and Tax Planning , § 5:104, in 9A Louisiana Civil Law Treatise (4th ed. 2015).
An LLC, however, can be dissolved under La. R.S. 12:1334(4) through the entry of a decree of dissolution under La. R.S. 12:1335, entitled "Judicial Dissolution," which provides in pertinent part:
On application by or for a member , any court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement. (Emphasis added.)
When considering what is "reasonably practicable," we note that in general, individuals cannot be forced to remain co-owners in indivision of an asset or real property. See La. C.C. art. 807, which says, "No one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act. Any co-owner has a right to demand partition of a thing held in indivision. Partition may be excluded by agreement for up to fifteen years, or for such other period as provided in La. R.S. 9:1702 or other specific law."
However and as provided by Louisiana Limited Liability Company law, individuals with ownership interests in a limited liability company do not own the real property or the assets of the LLC, the LLC owns these assets. See La. R.S. 12:1329. Therefore, owners of an LLC, unless they are also members of the LLC or except as otherwise provided in the articles of organization or a written operating agreement, cannot petition for partition of *178 the assets or "the thing" held by the LLC. Only members of the LLC can apply to the court for judicial dissolution. La. R.S. 12:1335. Except as otherwise provided in the articles of organization or a written operating agreement, only members of the LLC can dissolve the LLC and liquidate its assets or apply to the court for liquidation of the LLC assets. See La. R.S. 12:1329 -1339, specifically, La. R.S. 12:1329 -1330, La. R.S.12:1332 -1334, and La. R.S. 12:1336.
See the following cases from other circuit courts, which are instructive in determining what constitutes "reasonably practicable": In re Cat Island Club, L.L.C , 11-1557 (La. App. 3 Cir. 05/02/12), 94 So.3d 75 ; South Louisiana Ethanol, L.L.C. v. CHS-SLE Land , 14-0127 (La. App. 4 Cir. 02/04/15), 161 So.3d 83, writ denied , 15-0481 (La. 05/15/15), 170 So.3d 967 ; Weinmann v. Duhon , 01-1267 (La. App. 5 Cir. 03/26/02), 818 So.2d 206, writ denied , 02-2082 (La. 11/01/02), 828 So.2d 574, on subsequent appeal , 08-186 (La. App. 5 Cir 10/28/08), 997 So.2d 647, writs denied , 08-2814, 08-2085, 08-2830 (La. 03/13/09), 5 So.3d 118.
In the case sub judice , Mary Angela Schauf was an original member of the family LLC when this petition was filed and she filed a reconventional demand to dissolve the LLC. During the pendency of this litigation, Mary Angela Schauf died. Her death did not terminate the dissolution process once it had been initiated. Her executrix, Jo Ann Parker Schauf, could continue the dissolution pursuant to La. R.S. 12:1335.
With regard to the second assignment of error, Article 4 of the AO provides that "This limited liability company shall dissolve twenty-five (25) years from its date of formation unless extended by the members."
We find that there is no conflict between Article 4 of the OA and Paragraph 6 of the LLC's Operating Agreement, as the former requires a term of 25 years and the latter requires an early dissolution as ruled by the trial court. La. R.S. 12:1305(C)(4) provides, in pertinent part that "[t]he articles of organization may set forth the following:... (4) The latest date, if any, on which the limited liability company is to dissolve ..."
Article 4 does not state that the LLC "shall remain in existence" or that it "shall not be dissolved before 25 years" have passed. By looking at the plain language of the provision, in conjunction with the applicable Louisiana LLC law, it is clear that this provision was put in to limit the term of the LLC, as allowed under La. R.S. 12:1305(C)(4), and not to require its existence for a period.
CONCLUSION
For the above reasons we find that the trial judge correctly found that the assignees had no right to dissolve the LLC. However, Mary Angela Schauf was a member when she filed a demand for dissolution and this demand survives her death. We therefore reverse the granting of the motion for summary judgment and remand the matter to the district court for further proceedings, regarding Mary Angela Schauf's petition for dissolution pursuant to La. R.S. 12:1329 -1339. Costs of this appeal are assessed against plaintiff.
APPLICATION FOR REHEARING
Before BROWN, GARRETT, STONE, COX and STEPHENS, JJ.
Rehearing denied.

Defendants offered to sell to plaintiff the land at $5,100 per acre. At oral argument, plaintiff's counsel said that the land is worth about $600,000 without mentioning the acreage.